**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AMADO CARRILLO,

Plaintiff,

vs.

OSCAR DIAZ, *et al.*,

Defendants.

Case No.: 2:25-cv-02608-GMN-DJA

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pending before the Court is Plaintiff Amado Carrillo's Ex Parte Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction, (ECF No. 4).[1] Defendants did not file a response because the motion was filed *ex parte*.[2]

For the reasons discussed below, the Court DENIES the Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction.

## I. <u>BACKGROUND</u>

This case arises from Plaintiff's purchase of a 2025 Jeep Compass at Defendant Chapman's Las Vegas Dodge, LLC's ("Chapman") dealership. (*See generally* First Am. Compl. ("FAC"), ECF No. 11). In selling him the car, Plaintiff alleges that Chapman employees made multiple false or misleading statements. First, Plaintiff alleges that Defendant Oscar Diaz told him that after making eight months of payments on his financing he would be eligible to refinance the vehicle or to trade it in for another. (*Id.* 6:15–19). When Plaintiff

[1] Plaintiff also filed a duplicate of this motion, (ECF No. 5). Because that motion is identical to the one discussed here, it can similarly be DENIED.

[2] Plaintiff's *ex parte* justification is to prevent vehicle repossession. Also pending before the Court is Plaintiff's Motion to Request Status and Ruling on Pending Motions, requesting a ruling on the instant Motion and its duplicate. (See ECF No. 10). Because the Court now rules on those underlying motions, this motion is DENIED as moot.

eventually attempted to do so, he was told that his existing loan was underwater and that he could not trade in his car unless he paid off $6,000 of negative equity. (*Id.* 6:20–24). Next, Plaintiff alleges that Diaz told him that $6,000 of his $10,000 down payment would go toward the amount financed with lender First Help Financial, when it did not. (*Id.* 6:25-28). Finally, Plaintiff alleges that Diaz and Defendant Lisa Breitenwischer exploited his poor English proficiency by inserting additional warranty and insurance charges that were not required. (*Id.* 7:2–7). Plaintiff asserts that he would not have purchased the car but for these alleged fraudulent representations (*Id.* 6:10–13).

Based on those allegations, Plaintiff asserts the following claims against all Defendants: (1) violation of the Magnuson-Moss Warranty Act ("MMWA"); (2) violation of the Truth in Lending Act ("TILA"); (3) fraud and intentional misrepresentation; (4) violation of the Nevada Deceptive Trade Practices Act ("NDTPA"); and (5) breach of contract. (FAC ¶¶ 4–8).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. Fed. R. Civ. P. 65. The standard for both forms of relief is the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). For both forms of relief, the plaintiff must establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, a district court "*must* consider all four *Winter* factors." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation omitted). However, the first factor, the likelihood of success on the merits, "is a threshold inquiry and is the most important factor." *Env't Prot. Info. Ctr. V. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020). Thus, a "court need not consider the other factors if a movant fails to show a likelihood of success on the merits." *Baird*, 81 F.4th at 1040 (internal quotation omitted).

Additionally, when a party proceeds *pro se*, the court has a duty to construe his or her pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A *pro se* pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. DISCUSSION

Plaintiff argues that he is entitled to a TRO and Preliminary Injunction because he is likely to succeed on the merits and may suffer irreparable harm without immediate relief. (*See generally* Mot. TRO, ECF No. 4). The Court addresses the *Winter* factors in turn, beginning with Plaintiff's likelihood of success on the merits on each of his claims.

### A. Violation of the Magnuson-Moss Warranty Act

Plaintiff fails to show a likelihood of success on the merits of his claim for violation of the MMWA. The MMWA regulates warranties on consumer goods. *Barakezyan v. BMW of North America, LLC*, No. CV 16-00173 SJO (GJSx), 2016 WL 2840803, at *10 (C.D. Cal. Apr. 7, 2026). Specifically, the statute "provides for a federal cause of action for state law warranty claims." *Id.* (citing *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009). The substantive elements under the MMWA are identical to those under state warranty law. *Id.*

Here, Plaintiff alleges that Defendants violated the MMWA because they "improperly included, charged, and financed warranty products without Plaintiff's knowledge or authorization." (FAC ¶ 4). However, Plaintiff's allegations on this claim appear to amount to fraud, which is not covered under the MMWA. The MMWA merely provides a federal cause of action for violations of warranties under state warranty law, which Plaintiff does not allege.

The Court therefore finds that Plaintiff fails to meet his burden of demonstrating a likelihood of success on this claim.

### B. Violation of the Truth in Lending Act

The Court next turns to Plaintiff's TILA claim. The Truth in Lending Act is a

disclosure-based statute. The purpose of TILA is to "assure a meaningful disclosure of credit terms" to protect consumers in the lending process. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (quoting 15 U.S.C. § 1601(a)). "Under TILA, a creditor must disclose the (1) identity of the creditor, (2) amount financed, (3) finance charge, (4) annual percentage rate, (5) sum of the amount financed and the finance charge, or total of payments, and (6) the number, amount, and due dates or period of payments scheduled." *Ramirez v. Activehours, Inc.*, 828 F.Supp.3d 1040, 1046 (N.D. Cal. 2026) (citing 15 U.S.C. § 1638(a)(1)–(6)).

Plaintiff alleges that Defendants violated TILA by failing "to accurately disclose the true cost of credit by including unauthorized warranty charges and fees, thereby materially misstating the amount financed and the terms of credit." (FAC ¶ 5). Again, Plaintiff appears to plead his underlying fraud claim as a violation of TILA, which governs only the fair and accurate disclosure of financing terms, not the fraudulent inducement of certain terms. Consistent with the requirements under TILA, the signed sales contract clearly states the identity of the creditor, the amount financed, the finance charge, the annual percentage rate, the total of payments, and the number, amount, and period of payments. (*See* Vehicle Sales Agreement, Ex. 2 to Mot. TRO at 6–11, ECF No. 4).

To the extent that Plaintiff alleges a failure to disclose based on Defendants either (1) failing to use his down payment to credit his debt with First Help Financial, (FAC 6:25–28), or (2) wrongly applying the down payment toward warranties and insurance (FAC 7:26–28), these claims are directly contradicted by the attached contract. The contract shows that the down payment and rebate were first applied to the sale price of the car, and then insurance and warranty were added to create the total amount financed of $30,784.81, an amount that Plaintiff does not dispute. (*See* Vehicle Sales Agreement, Ex. 2 to Mot. TRO at 7).

Thus, Plaintiff fails to meet his burden of demonstrating a likelihood of success on this claim.

**C. Fraud**

Plaintiff next asserts a claim for fraud, alleging that Defendants made fraudulent statements to induce his purchase of the car. Plaintiff alleges that "Defendants knowingly made false statements and concealed material facts concerning financing terms, warranty coverage, and payment allocation" upon which he reasonably relied. (FAC ¶ 6). Plaintiff's primary allegations are that (1) Diaz and Breitenwischer sold him additional warranties and insurance under the pretense that they were required when they were not, (*id.* at 7:2–7), and (2) under the financing agreement Plaintiff would be eligible to trade in the car after eight months, when he was not. (*Id.* 6:20–24).

Whether a given representation is fraudulent is a question of fact that is best determined by a case's ultimate trier of fact. *See GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc., et al.*, No. EDCV 15-04125VAP (JEMx), 2016 WL 6562064, at *4 (C.D. Cal. Apr. 21, 2016). Plaintiff's allegations that Diaz and Breitenwischer made false statements about the necessary purchase terms and operation of the financing agreement could plausibly sustain a fraud claim. However, when moving for a preliminary injunction, it is insufficient for a movant to show a mere *possibility* of success on the merits—they must show that it is *likely*. *See Winter*, 555 U.S. at 21. Here, even construed liberally, the Court finds nothing in Plaintiff's FAC nor the instant motion demonstrating a likelihood of fraud beyond the basic allegations that such fraudulent statements occurred.

As a result, the Court finds that Plaintiff has failed to meet his burden of demonstrating that he has a likelihood of success on the merits of his fraud claim.

**D. Nevada Deceptive Trade Practices Act**

The NDTPA prohibits five enumerated "deceptive trade practices." *See* Nev. Rev. Stat. 598.0923. Plaintiff does not specify the exact NDTPA provision under which he brings this claim. Most relevant here, the Act prevents both (1) failure to disclose a material fact in

connection with a sale of goods and (2) use of an unconscionable practice in a transaction. Nev. Rev. Stat. 598.0923(b), (e).

Similar to his fraud claims, Plaintiff's allegations of deceptive trade practices are fact-intensive, and nothing in the FAC nor the instant motion indicates that the allegations are more likely than not to prevail. Accordingly, the Court finds that Plaintiff has failed to meet his burden of demonstrating a likelihood of success on this claim.

**E. Breach of Contract**

Finally, Plaintiff alleges that Defendants "materially breached the parties' agreement by altering financing terms and including unauthorized charges without Plaintiff's informed consent." (FAC ¶ 8).

As discussed above, the plain text of the contract attached by Plaintiff contradicts his claims that charges have been added or altered since the initial executed contract. (*See* Section (III)(B)). Consequently, the Court finds that he has failed to meet his burden of establishing a likelihood of success on his breach-of-contract claim.

The Court ultimately concludes that Plaintiff has failed to establish a likelihood of success on the merits of any of his claims. Because the Court "need not consider the other [*Winter*] factors if a movant fails to show a likelihood of success on the merits," it does not proceed to the other factors. *Baird*, 81 F.4th at 1040 (internal quotation omitted).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, (ECF No. 4), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's duplicate Motion for Temporary Restraining Order and Preliminary Injunction, (ECF No. 5), is **DENIED as moot.**

///

///

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Request Status and Ruling on Pending Motions, (ECF No. 10), is **DENIED as moot.**

**DATED** this __29__ day of September, 2026.

_______________________________________
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT