FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 01 2026

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

UNITED STATES COURT OF APPEALS

UNITED STATES LOWER COURT DISTRICT OF NEVADA
FOR THE NINTH CIRCUIT**

( RECORD COURTS OF APPELS : CARRILLO V DIAZ) 2:25-02608-GMN-DJA

MAGISTRATE

DANIEL J ALBREGETS

DOCUMENT NAME : STARE DECISIS MEMORANDUM

THIS IS NOT A MOTION

SUPREME COURT MANDATES UNDER STARE DECISIS

Under binding Supreme Court precedent, this Court is compelled to enforce judicial estoppel as a substantive bar that overrides any procedural mechanism—including discovery—when a litigant attempts to contradict factual or legal positions previously asserted. The Supreme Court's controlling decision in *New Hampshire v. Maine*, 532 U.S. 742 (2001), establishes a mandatory three-factor test that forecloses inconsistent litigation conduct: (1) the party's later position must be "clearly inconsistent" with its earlier position; (2) the earlier position must have been accepted by a court; and (3) allowing the later position would create the perception that the judicial process was misled. This doctrine is not discretionary. It is a constitutional safeguard designed to protect the integrity of the judiciary.

The Supreme Court has repeatedly emphasized that judicial estoppel is a structural protection, not a tactical remedy. In *Zedner v. United States*, 547 U.S. 489 (2006), the Court held that judicial estoppel prevents a litigant from "benefiting from its own wrong," and that courts must apply the doctrine to prevent manipulation of judicial proceedings. Under stare decisis, lower courts—including magistrate judges—are strictly prohibited from authorizing discovery that would enable a party to rewrite or rehabilitate contradictory positions already cemented in the record.

The Supreme Court's summary-judgment trilogy—*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)—further mandates that courts rely on the existing record and reject attempts to manufacture factual disputes through post-hoc discovery. When a party's contradictions are already established, judicial estoppel prohibits the creation of new evidence designed to escape dispositive consequences.

Under stare decisis, these Supreme Court holdings bind every federal judge in the Ninth Circuit. No magistrate judge may authorize discovery that violates judicial estoppel. No

a contradictory narrative. See *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991). Any stay engineered to affect a dispositive motion reserved exclusively for an Article III judge is ultra vires, structurally improper, and contrary to controlling Supreme Court authority mandating that courts protect the integrity of the judicial process and prevent litigants from benefiting from their own inconsistent statements.

Amado Carrillo,
Appellant Las Vegas, Nevada
Reference Submission Paul D. Clement, Esq. Clement & Murphy PLLC 706 Duke Street Alexandria, VA 22314 Reference ID: DIG00292398349082 case number 2:25-cv-02608-gmn-dja internal number : 74885-AC.

MR carrillo submited the following regards . visiting vegas next week , we can talk abou the situation . regards.